USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 97-1157 LUCAS LUCARELLI, Plaintiff - Appellant, v. UNITED STATES OF AMERICA, Defendant - Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. P rez-Gim nez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ Plinio P rez-Marrero for appellant. ____________________ Fidel A. Sevillano-del R o, Assistant United States _______________________________ Attorney, with whom Guillermo Gil, United States Attorney, was on _____________ brief for appellee. ____________________ June 18, 1997 ____________________ Per Curiam. Lucas Lucarelli ("Lucarelli"), a disabled Per Curiam. __________ 40 year old veteran of the United States Air Force, and his mother, Ada Rivera ("Rivera"), filed this action in federal district court, claiming medical malpractice against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C.  2671-2680. Plaintiffs' claim arose in 1992 when Lucarelli was admitted to the Veteran's Administration Medical Center in Puerto Rico, complaining of back pain and difficulty walking and urinating. Surgery was scheduled to treat him. Prior to the surgery, an HIV test was conducted. The test results were negative, although Lucarelli was not informed of this fact. He claims to have overheard two nurses discussing that he "probably had" the virus. In March or April 1993, Rivera received a letter addressed to Lucarelli, which she opened on his behalf. The letter, dated December 15, 1992, stated that Lucarelli had tested positive for HIV. It was not until December 21, 1993, that Lucarelli, after contacting an attorney and undergoing another HIV test, learned that he was, in fact, HIV negative. Following a bench trial, the court awarded damages totalling $33,750. Plaintiffs-appellants appeal, essentially arguing that the district court made erroneous factual determinations regarding the damages suffered. -2- On appeal, findings of fact will be set aside only if clearly erroneous. Fed. R. Civ. P. 52(a); Juno SRL v. S/V _________ ___ Endeavour, 58 F.3d 1, 4 (1st Cir. 1995). Having reviewed the _________ record and the briefs on appeal, we conclude that the district court did not commit clear error. Accordingly, we affirm the affirm ______ decision of the district court. -3-